IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ALLEN RICHARDSON WOODS #560125   §

v.                               §            CIVIL ACTION NO. 6:04cv532

WARDEN CASTRO, ET AL.            §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Allen Richardson Woods, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Woods alleges that certain unnamed "religious groups" are retaliating against him in some way for receiving adequate health care.  He says that a person named Alvin Canter's wife is having an affair with another man, for which Canter blames Woods for some reason.  He also says that he shot a man in Colorado County in 1990 and has sought habeas corpus relief, but didn't have any luck until he went to the Fifth Circuit and received a "federal mandate court order" in 1995.  Now, however, he says that the State of Texas wants Woods to insist that Canter help him with his court order.

Woods goes on to state that Canter and an individual named Wright, both of whom are also inmates, have gang members all over the unit.  They are trying to alter his health care and get undercover organizations such as the KGB to do him harm.  He says that: the Parole Board is taking "void reports" on his behalf; other inmates are using profane language in order to provoke him to violence; someone is altering the security cameras at night and are letting inmates from other tanks

perform inadequate health care on Woods' body; the food and clothing at the unit have been altered for inmates that should not be there any more; unnamed people are trying to provoke Woods into fighting and want him to be responsible for their mistakes, but Woods is unable to help a lot of people with their religious struggles; unnamed people are trying to tear down his physical health and his "neck and deltoid muscles are constantly being inadequately harassed with."  Finally, Woods says, the Anderson County sheriff's department is refusing to investigate, and nothing is done when Woods reports criminal activity.

The Magistrate Judge issued a Report on March 25, 2005, recommending that the lawsuit be dismissed.  In this Report, the Magistrate Judge observed that Woods has a long history of filing frivolous lawsuits, and has had at least three lawsuits or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted by a federal district court or by the Fifth Circuit Court of Appeals.  *See* Woods v. Reagan, docket no. 9:91cv185 (E.D.Tex., January 27, 1992, no appeal taken); Woods v. Bell, docket no. 9:92cv199 (E.D.Tex., February 24, 1993, no appeal taken); and Woods v. Edwards, docket no. 3:98cv545 (S.D.Tex., April 8, 1999, no appeal taken).   Thus, the Magistrate Judge determined that Woods is subject to the strictures of 28 U.S.C. §1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge concluded that Woods did not pay the full filing fee, and his claims are wholly insufficient to show that he is facing an imminent threat of serious physical injury as of the time of the filing of the present lawsuit.  *See* Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Because Woods has not met either of the prerequisites of 28 U.S.C. §1915(g), in that he has neither paid the filing fee nor shown an imminent danger of serious physical injury, the Magistrate Judge recommended that the lawsuit be dismissed.

Woods filed objections to the Magistrate Judge's Report on April 1, 2005.  These objections do not address the substance of the Magistrate Judge's Report.  Instead, Woods says that there have been numerous attempts on his life while he is receiving health care in his sleep, that his complaints are being handled with gross negligence by the Texas Attorney General's Office because of Woods' "legal benefits in the federal court system," and that Warden Castro and others have been trying, "on the cool," to make him reinjure a hernia which was repaired in 1992 at the University of Texas Medical Branch Hospital in Galveston.  Woods says that the State of Texas helped him then, but now that "they" know that he has "special fighting skills," there are people wanting to injure him in his sleep.  These objections are patently meritless.

The Court has conducted a careful *de novo* review of the pleadings and other evidence in the cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents and filings in the record.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee.  Should Woods pay the full filing fee within 15 days of the date of entry of the final judgment, he shall be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.  It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED.  *See* Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  This does not alter the Plaintiff's obligation to pay the full filing fee, which was due and payable at the moment the lawsuit was filed.  Hatchet v. Nettles, 201 F.3d 651, 653 (5th Cir. 2000); *see* In re Alea, 286 F.3d 378 (6th Cir. 2002), *citing* Anderson v. Sundquist, 1 F.Supp.2nd 828, 830 (W.D.Tenn. 1998) (holding that because the filing fee is due at

the moment the lawsuit is filed, subsequent dismissal of the lawsuit, even pursuant to Section 1915(g), does not negate or nullify the plaintiff's obligation to pay this fee in full).  Finally, it is

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 19th day of April, 2005.**


_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE